**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID DEPAZ GONZALEZ,** *Petitioner,* | § § § | |
| **v.** | § | **No. 1:26-CV-01467-ABD-DH** |
| **UNITED STATES OF AMERICA,** *Respondent* | § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ANDREW B. DAVIS
UNITED STATES DISTRICT JUDGE

Before the Court are petitioner David Depaz Gonzalez's petition for habeas corpus pursuant to 28 U.S.C. § 2241, Dkt. 1, Respondent United States of America's ("Respondent") motion to dismiss, Dkt. 4, and all related briefing. The undersigned submits this report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. The undersigned recommends that the District Judge grant Respondent's motion to dismiss, Dkt. 4, and deny Gonzalez's petition, Dkt. 1.

## I. BACKGROUND

Gonzalez, who is a citizen of Mexico, is serving a 168-month prison sentence for conspiracy to possess with intent to distribute a quantity of cocaine. Dkts. 1, at 2; 4-1, at 2-3; 4-2, at 2. In 2021, Gonzalez consented to and was transferred to a detention facility in Mexico, where he is currently confined. Dkts. 1, at 2; 4-1, at 3. In his petition, Gonzalez claims that the Bureau of Prisons ("BOP") failed to apply

earned-time credits to his sentence, as required under the First Step Act ("FSA"), based on his participation in recidivism-reduction programs. Dkt. 1, at 3. Gonzalez asks the Court to order BOP to recalculate his sentence to reflect the FSA earned-time credits and inform his facility in Mexico of his new release date based on that recalculation. *Id.* at 4.

Respondent moved to dismiss Gonzalez's petition, arguing that this Court lacks subject-matter jurisdiction over this case, Gonzalez is ineligible for FSA earned-time credits as a prisoner in Mexico, and that, in any event, Gonzalez failed to exhaust his administrative remedies before seeking habeas relief in this Court. Dkt. 4, at 3-5. Gonzalez did not respond to the motion. Respondent filed a notice confirming that it served its motion to dismiss on Gonzalez via registered mail. Dkt. 5.

## II. LEGAL STANDARD

A petitioner may seek habeas relief under 28 U.S.C. § 2241(c)(3) if he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" § 2241(c)(3). A prisoner bringing a § 2241 petition is limited to attacking "the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Under 18 U.S.C. § 3585(b), the authority to grant or deny sentencing credit is specifically reserved to the Attorney General and delegated to the BOP. *United States v. Wilson*, 503 U.S. 329, 337 (1992). The BOP has the statutory authority to decide "*where* a federal sentence will be served, *when* it begins, and, in certain respects, *how long* it will last." *United States*

*v. Aparicio*, 963 F.3d 470, 478 (5th Cir. 2020) (citation omitted). Prisoners may seek judicial review of the computation after exhausting administrative remedies with the BOP. *Id.*

A petitioner must exhaust his administrative remedies through the BOP before filing a § 2241 petition. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). The exhaustion requirement is mandatory, and "courts have zero discretion to hear unexhausted claims" unless administrative remedies are not "available." *Valentine v. Collier*, 978 F.3d 154, 160 (5th Cir. 2020). An administrative remedy is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," or (2) "the relevant administrative procedure lacks authority to provide any relief." *Ross v. Blake*, 578 U.S. 632, 638, 643 (2016). "Whether a grievance process is available does not depend on the relief that can be granted; exhaustion is not excused just because inmates cannot obtain the precise relief they seek." *Valentine*, 978 F.3d at 161. The petitioner bears the burden to show that the exception applies. *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018).

## III. DISCUSSION

In his petition, Gonzalez alleges that the BOP failed to apply FSA earned-time credits to his sentence. Dkt. 1, at 2-4. Respondent first argues that this Court lacks subject-matter jurisdiction over Gonzalez's habeas petition because he is serving his sentence in Mexico and is thus not in BOP's custody. Dkt. 4, at 3. Respondent did not cite any legal authority in support of this argument apart from referring generally to

the legal standard applicable to subject-matter jurisdiction. *Id.* at 2-3. Under § 2241(c), "[t]he writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody under or by color of the authority of the United States[.]" 28 U.S.C. § 2241(c)(1). The Ninth Circuit has affirmed the dismissal of a § 2241 petition for lack of subject-matter jurisdiction where the petitioner alleged that he "was returned to Mexico where he has been detained in various institutions and at various times to the present." *Subias v. Meese*, 835 F.2d 1288, 1288 (9th Cir. 1987). In light of the statute and *Subias*, the undersigned agrees with Respondent that Gonzalez has not met his burden of establishing this Court's subject-matter jurisdiction over his § 2241 petition. *Chavez Velasco v. Lyons*, No. 5:26-CV-00491, 2026 WL 2279359, at *3 (S.D. Tex. Aug. 7, 2026) ("The burden of establishing subject-matter jurisdiction rests on the [§ 2241] Petitioner." (citing *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980))).

Even assuming that the Court has subject-matter jurisdiction over this case, Gonzalez's petition would still fail on the merits. First, because Gonzalez is imprisoned at a facility in Mexico, the execution of his sentence is no longer governed by United States law. Dkt. 4, at 3-4; 18 U.S.C. § 4107(b)(2) (specifying that the transfer of an offender from the United States "shall be carried out according to the laws of the country to which he is to be transferred"); *Tavarez v. U.S. Atty. Gen.*, 668 F.2d 805, 807 (5th Cir. 1982) (explaining that § 4107(b)(2) "means that Mexican law will govern the conditions of confinement and the opportunity for early release

through parole or good-time credits"). Under § 4107(b)(2), Gonzalez is thus ineligible to receive earned-time credits under the FSA. Gonzalez's § 2241 petition should be dismissed on this alternative basis that United States law does not apply to his claim.

And even if United States law applied to Gonzalez's petition, he has not pleaded his exhaustion of administrative remedies or any circumstances warranting excusing such a requirement. A federal prisoner challenging the BOP's calculation of his sentence must first seek relief through BOP's multi-tiered administrative remedy program. 28 C.F.R. § 542.10(a). First, the prisoner must attempt to informally resolve his complaint with prison staff. *Id.* § 542.13(a). If he is not satisfied with that result, he may submit a formal written complaint to the warden. *Id.* § 542.14. If he is unsatisfied with the warden's response, he may appeal to the BOP regional director. *Id.* § 542.15(a). If still not satisfied, the prisoner may appeal to the BOP's Office of the General Counsel. *Id.* A prisoner may only file a § 2241 petition in federal court if he completes all four of these administrative steps. *Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019).

Exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). In his petition, Gonzalez alleged that the BOP failed to apply earned-time credits to his sentence under the FSA and does not allege any facts regarding exhaustion of administrative remedies. Dkt. 1, at 2-4. In addition, Respondent presented evidence that "as of July 27, 2026, Petitioner [Gonzalez] has not submitted any administrative remedy request to the Bureau of Prisons." Dkt. 4-1, at 5. Gonzalez also did not allege

any basis for excusing the exhaustion requirement here. *See* Dkt. 1. Gonzalez's § 2241 petition should be dismissed for the additional alternative reason that he did not exhaust his administrative remedies before filing this petition for habeas relief.

Gonzalez's § 2241 petition should be dismissed for lack of subject-matter jurisdiction, or in the alternative, for failure to state a claim.

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT** Respondent's motion to dismiss, Dkt. 4.

The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** Gonzalez's petition, Dkt. 1, without prejudice.

The referral of this case to the Magistrate Judge should now be canceled.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C.

§ 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED October 2, 2026

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE